

# The Attorney General of Texas

December 21, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-112

Re: Filing of a death certificate attached to an affidavit of heirship with the county clerk.

Dear Mr. Resweber:

You ask two questions regarding the filing of an affidavit of heirship with a certified copy of a death certificate attached thereto in the public records of real property of Harris County. You first ask whether the Open Records Act prevents the county clerk from accepting the death certificate and making it available to the public.

Section 3(a)(15) exempts from public disclosure "birth and death records maintained by the Bureau of Vital Statistics in the State of Texas." In Attorney General Opinion H-115 (1973) this office construed the provision as applicable to birth and death records of the type maintained by the Bureau of Vital Statistics and thus determined that the Act applied to birth and death records maintained by the county clerk. Of course, even if the records are excepted from required disclosure, the custodian is not prohibited from releasing them. Texas Open Records Act, V.T.C.S. art. 6252-17a, S 3(c); Open Records Decision No. 177 (1977).

Moreover, although a particular record may be expressly excepted from disclosure when in the custody of one state agency, the exception does not apply to the record when a private party voluntarily makes it available to another public body. In Open Records Decision No. 157 (1977) this office determined that a college transcript in an engineer's licensing file held by the State Board of Registration for Professional Engineers was available to the public under the Open Records Act. The transcript would have been excepted from public disclosure pursuant to section 3(a)(14) of the Act while in the possession of any "educational institutions funded wholly, or in part, by state revenue." However, the engineer's transcript held by the Board at his request was available to the public. We believe the death certificate offered for filing by a member of the public may be accepted by the clerk and will be available for public inspection in the clerk's files.

Section 6600, V.T.C.S., provides in part:

> The county clerk shall give attested copies whenever demanded of all papers recorded in his office. . . .

The clerk is thus required to give certified copies of the affidavit with attached death certificate to persons requesting it.

### S U M M A R Y

The Open Records Act does not prevent the county clerk from accepting for filing in real property records a death certificate attached to an affidavit of heirship. The clerk is required to give certified copies of the affidavit with the attached death certificate to persons who request it.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid